JOURNAL ENTRY AND OPINION
This is an appeal from orders of Judge Brian J. Corrigan arising from a foreclosure action in which he granted judgment in favor of appellee Nations Credit Financial Services Corp. (NCFS) against Denise Berry. Berry claims the judgment should be vacated because NCFS's law firm had a conflict of interest arising from its representation of her husband, Kenneth J. Raimer, in a separate collection action, and it was error to deny her motion to disqualify it. We affirm the judgment.
On March 3, 1999, NCFS filed a complaint for foreclosure of a mortgage it held on Berry's property at 10405 Burton Avenue, Bratenahl, alleging that she was in default and that it was owed $90,345.88 plus interest and other fees accrued since January 4, 1998. The complaint alleged that its mortgage was primary to the interests of two named lender defendants and also named "John Doe, unknown spouse of Denise Berry," and residing at the same Burton Avenue address, as a defendant. Two summonses were directed to the Burton Avenue address, both were received and signed for by Raimer. On April 26, 1999 Berry filed,pro se, a single pleading captioned both a "motion to dismiss" and a "cross-complaint for damages,"[1] in which she alleged that Section 1635, Title 15, U.S. Code entitled her to rescind the mortgage transaction on which the complaint was based, and sought damages for violations of federal disclosure provisions.
Attached as an appendix to her pleading was correspondence between NCFS and Raimer, concerning his offers to buy out Berry's mortgage debt at a reduced price. This correspondence, dated between March 5, 1999 and April 23, 1999, indicates Raimer's address as 10316 Burton Avenue, Bratenahl, and in a memorandum submitted in support of her motion/counterclaim, Berry referred to the appendix as "illustrating the efforts of a third party to negotiate a workout proposal * * *."
NCFS's reply to the counterclaim and motion to dismiss attached documents signed by Berry showing she had been given the federally mandated disclosures. NCFS then moved for summary judgment on its complaint and Berry's counterclaim, stating that the documents submitted in the complaint and the reply to the counterclaim conclusively proved its entitlement to relief. Two months later Berry filed, pro se, a single document with three captions, two of which were titled "Defendant's Reply to Plaintiff's Motion for Summary Judgment," and the other "Defendant's Motion for Disqualification of Counsel."[2] In this memorandum, Berry claimed that Raimer was her husband, whom she averred "comes forward as a third party under [Civ.R. 14], the `John Doe' named as a defendant in this complaint * * *," and that NCFS's lawyer, a member of the Weltman, Weinberg Reis Co., L.P.A. law firm, ("Weltman Weinberg") should be disqualified because the firm was representing Raimer in a separate action. Attached was Raimer's affidavit in which he alleged only that he was represented by Weltman Weinberg in a collection action, and had paid the firm a $5,000 retainer. His affidavit, however, did not state that he was Berry's spouse, although he now listed his address as 10405 Burton Avenue, Bratenahl.
NCFS responded to Berry's motion for disqualification contending, without elaboration, that "Raimer is not a party to this action, nor is he involved in any way in this action." On August 27, 1999, the judge denied the motion to disqualify, granted NCFS partial summary judgment on the complaint and counterclaim, and the case continued before Magistrate Elizabeth Bagnato to determine relief. Later the judge ordered NCFS to submit a corrected description of the Bratenahl property, and also "to address the issue of the identity of John Doe, unknown spouse of Denise Berry * * *." NCFS`s response was a supplemental argument on Berry's disqualification motion, arguing that there was no conflict requiring disqualification because Raimer was not a party to the suit and there was no proof that he and Berry were married.
The magistrate's decision ordered a foreclosure sale and set forth the order of payment of costs, fees and taxes. She also found that:
 all necessary parties have been properly served according to the law and are properly before the court; and that Defendants John Doe, the Unknown Spouse of Denise Berry aka Denise R. Berry; Crown Bank, F.S.B.; and City Loan Financial Services, Inc. are in default of Answer, Motion or other pleading and are forever barred from asserting any right, title or interest in the premises described herein as against the title of the purchaser at Sheriff's Sale.
After both Raimer and Berry, pro se, filed objections to the magistrate's decision, arguing that she failed to address the disqualification argument, the judge overruled the objections and adopted the decision without revisiting the disqualification issue.
Raimer and Berry assert the following assignment of error, to which no appellee's brief was filed in response:
 THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY PERMITTING AN ATTORNEY CONFLICT OF INTEREST TO CONTINUE AFTER BEING ALERTED TO IT BY THE APPELLANTS. THE ERROR VIOLATED APPELLANTS' PROPERTY INTEREST PROTECTED BY THE SIXTH AND FOURTEENTH AMENDMENTS DUE PROCESS CLAUSE. CODE OF PROFESSIONAL RESPONSIBILITY, CANON 9; E.C. 501, DR 5-105(B), (C), (D).
Raimer, never a party to the case below, is not a proper party to this appeal. He filed no pleading or responsive motion, he made no appearance, filed no motion for intervention, and was not required to appear because he was never properly served.[3] Moreover, Berry did not present sufficient evidence of marriage to merit further inquiry into the firm's disqualification.
Judgment affirmed.
It is ordered that the appellee recover from appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE, JR. CONCUR.
[1] This portion of the pleading was treated as a counterclaim, and henceforth we will refer to it as a counterclaim.
[2] The third portion of the document was a motion for stay pending the outcome of proceedings involving Berry in the Ohio Supreme Court, which was denied and is not appealed here.
[3] Although the lack of proper service calls into question the judge's ability to extinguish his rights in the property, this issue cannot be appealed here.